**Burl SPANGLER and Bonnie Spangler, Plaintiffs,**

v.

**SEARS, ROEBUCK AND CO. and Roper Corporation, Defendants.**

**No. IP 87–1013–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

March 8, 1991.

a hearing on the sanctions issue within thirty

Morris L. Klapper, Klapper & Isaac, Indianapolis, Ind., for plaintiffs.

William M. Osborn, Osborn, Hiner & Lisher, Indianapolis, Ind., for defendants.

ENTRY DENYING PLAINTIFFS' REQUEST FOR RELIEF FROM ORDER INSTRUCTING PLAINTIFFS TO ELECT WHETHER THEY INTEND TO PURSUE A NEGLIGENT BREACH OF A DUTY TO WARN OR A FRAUDULENT CONCEALMENT THEORY AT TRIAL

TINDER, District Judge.

On December 21, 1990, plaintiffs filed an objection to this court's order of December 11, 1990, which had required plaintiffs to elect between pursuing a negligent breach of a duty to warn or a fraudulent concealment theory at trial. 752 F.Supp. 1437. Plaintiffs complain that this court's order required "an election between the claims of negligence and fraud." Plaintiffs' Objection at 1. In the memorandum entry which accompanied this court's order this court reasoned that:

> Mr. Spangler's fraudulent concealment claim is identical to his claim that defendants negligently failed to warn him of a danger associated with the use of their product. Both causes of action are based on the same set of facts and the same alleged breach of duty. There is no reason for plaintiffs to be permitted to pursue both causes of action in this litigation as the only apparent difference between the negligence claim based on a

(30) days of this entry.

duty to warn and the fraudulent concealment claim is the potential to recover attorney fees under the fraudulent concealment claim. *See, e.g., Corbin [v. Coleco Industries, Inc.],* 748 F.2d [411] at 416 [ (7th Cir.1984) ] ("Unless there is some possibility that [the plaintiff] might recover [on one of two duplicative theories] but not on [the other], it is wasteful and confusing for him to prosecute both theories"); *Thiele [v. Faygo Beverage, Inc.],* 489 N.E.2d [562] at 584 [ (Ind.App. 4th Dist.1986) ] (upholding summary judgment on one of two duplicative counts where court could "conceive of no set of facts under which it would be possible for an injured plaintiff to recover [on one theory] but not on the [other] theory").

Entry at 30–31.

■■ Plaintiffs' objection indicates that they have misapprehended the extent of this court's order. This court did not require an election between all theories of negligence and fraud, this court only required an election between plaintiffs' claims of fraudulent concealment and negligent breach of a duty to warn Mr. Spangler. Any theory of defendants' negligence not premised on a duty to warn, e.g., a claim of negligence based on a manufacturing defect, is unaffected by this court's order.

A theory of negligent breach of a duty to warn may ordinarily be predicated on a failure to warn of which the defendant knew or *should have known.* However, the pleadings in this case clearly indicate that plaintiffs' negligent duty to warn theory is based entirely on the position that the defendants in this case actually knew of the danger about which they allegedly should have warned the defendant. *See, e.g.,* Plaintiffs' Contentions (filed March 1, 1989) at 1–2 ("At the time of manufacture and sale of the tractor, *the defendants were aware* that it lacked a safety shut off switch in the seat of the tractor which would stop the cutter blades from rotating in the event the operator left the seat. *Both defendants were also aware* before the tractor was delivered to Burl Spangler

that such safety devices were being provided by the manufacturers and sellers of other models of lawn tractors and *both defendants were also aware* that more than one year before the delivery of the tractor to Mr. Spangler the principal industry standards organizations, namely the Outdoor Power Equipment Institute, Inc. and the American National Standards, Inc., had approved and recommended that lawn tractors should have such safety devices to prevent cutting injuries to users.") (emphasis added); Plaintiff's Contentions (filed January 10, 1991) at 4–5 (these contentions contain the identical language set forth above, describing the defendants actual knowledge (or awareness), under a section titled "NEGLIGENCE"); Plaintiffs' Report to the Court of Further Discovery Non–Compliance by Defendant Sears (filed March 28, 1988) at 3 ("It is the very essence of plaintiffs' case that Sears *knew* of the availability of the safety switch in question long before they sold the lawn tractor to Mr. Spangler.") (emphasis added).

Because plaintiffs' negligent duty to warn claim is based solely on the contention that defendants *knew* of the danger but failed to warn Mr. Spangler, the elements of that claim are identical to plaintiffs' fraudulent concealment claim which requires a duty to disclose and actual knowledge of the failure to warn. Because these claims, as pled by the plaintiffs, consist of the same elements they are duplicative and plaintiff is ORDERED to elect which theory plaintiffs will pursue at trial and is further ORDERED to amend plaintiffs' complaint in conformity with this court's order of December 11, 1990. Accordingly, plaintiff's request for relief from this court's order of December 11, 1990 is DENIED.

ALL OF WHICH IS ORDERED.